

FILED

MAR 25 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

QUINCY COMMUNITY SERVICES
DISTRICT,

          NO. CIV. S-03-2582 LKK/DAD

    Plaintiffs,

  v.                              O R D E R

ATLANTIC RICHFIELD COMPANY,
et al.,

    Defendants.
_____/

    This matter comes before the court on plaintiff's motion for reconsideration of the court's January 28, 2004 order staying this action pending transfer by the Judicial Panel on Multidistrict Litigation to the Southern District of New York (Scheindlin, J.), sitting as the multidistrict litigation court in In re MTBE Products Liability Litigation, MDL No. 1358. The JPML has since issued a conditional transfer order in this case. The motion for reconsideration contends that, because subject matter jurisdiction is a threshold question, that question must be decided before this

1  court may stay proceedings and before the JPML may effect transfer.
2  Plaintiff urges the court to lift the stay and rule on plaintiff's
3  motion to remand the case to state court.

**A.   PROCEDURAL BACKGROUND**

This action is one of among dozens of MTBE products liability cases filed in state courts around the country by numerous plaintiffs, including states, cities, municipalities and other entities, seeking relief from contamination or threatened contamination of groundwater.

Many of these actions have already been transferred to Judge Scheindlin, sitting as the MDL No. 1358 court. Judge Scheindlin's order of December 23, 2003, referring to motions to remand pending in the multidistrict action, stated that "it is appropriate for the issues presented by these motions and *all similar removed actions, wherever filed*, to be heard and decided by this Court . . . This Court respectfully requests that all courts to which the scheduled cases have been removed grant all motions to stay those cases pending transfer to MDL No. 1358." In re MTBE Products Liability Litigation, MDL No. 1358, Order of December 23, 2003 (emphasis added). Accordingly, on January 28, 2004, the court issued an order staying this action pending transfer.[1]

////

---

[1] A companion case filed in this district by the State of California against largely the same defendants has been assigned to Judge Burrell. On February 6, 2004, Judge Burrell entered an order staying that action pending transfer to MDL No. 1358. See People of the State of California v. Atlantic Richfield Company, No Civ. S-03-2563 GEB DAD (E.D. Cal. Feb. 6, 2004).

On February 6, 2004, the JPML transferred thirteen of the MTBE cases to Judge Scheindlin's courtroom. On February 13, 2004, Judge Scheindlin held a hearing on plaintiffs' motions to remand in the MTBE cases already transferred to her. After extensive briefing and two hours of oral argument, Judge Scheindlin requested additional briefing and took the matter under submission.

On February 25, 2004, the JPML conditionally transferred another thirty MTBE cases to Judge Scheindlin, including this case. The conditional transfer order stated that "[i]t appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Southern District of New York and assigned to Judge Scheindlin." JPML Order filed February 25, 2004. Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the actions to which the order referred, including the instant action, were transferred under 28 U.S.C. § 1407 to the Southern District of New York. The order indicates that it does not become effective until it is filed in the Office of the Clerk of the Southern District of New York and that transmittal of the order was to be stayed for fifteen (15) days from its entry and if any party files a notice of opposition within that time, the stay will be continued until further order of the Panel. Consistent with the conditional transfer order, plaintiffs in this case filed a notice of opposition, thus triggering the automatic stay provision of the order.

////

On March 16, 2004, Judge Scheindlin issued a 28-page opinion and order in MDL No. 1358 denying the plaintiffs' motions for remand. Judge Scheindlin held that the defendants in the consolidated multi-district litigation had sufficiently averred facts supporting removal pursuant to 28 U.S.C. § 1442(a)(1). Specifically, defendants allege that (1) they added MTBE to gasoline at the direction of the EPA, a federal agency, (2) they have a colorable federal defense of preemption; and (3) there is a causal connection between plaintiffs' claims and the acts defendants undertook at the direction of the EPA.

**B.    MOTION FOR RECONSIDERATION**

The court's January 28 order reasoned that, in light of the MDL No. 1358 court's request that this court stay the action pending transfer, the potential savings of judicial resources that may be accomplished by doing so, and the balance of hardships to the parties, a temporary stay pending transfer appeared appropriate. See Good v. Prudential Ins. Co., 5 F.Supp.2d 804, 809 (N.D. Cal. 1998) ("Courts frequently grant stays pending a decision of the MDL Panel regarding whether to transfer a case"); Rivers v. Walt Disney Co., 980 F.Supp. 1360, 1362 (C.D. Cal. 1997) ("[A] majority of courts have concluded that it is often appropriate to say preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."). Plaintiff makes four argument in support of its motion to reconsider. I consider each one in turn.

////

1.  **Opportunity to be Heard**

First, plaintiff argues that the January 28 order was entered before plaintiff had an opportunity to be heard on the motion. While plaintiff cites cases that stand for the general rule that *sua sponte* decisions are disfavored, plaintiff can offer no authority suggesting that a federal district court lacks the power to stay proceedings *sua sponte* pending a transfer by the JPML. In any event, any prejudice to plaintiffs due to the lack of briefing on the original motion to stay is cured by the extensive briefing on the instant motion.

2.  **Jurisdiction as a Threshold Issue**

Second, plaintiff contends that the court's order contravenes the "requirement that jurisdiction be established as a threshold matter," Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998), and the overwhelming authority on point, which indicates that "judicial economy will best be served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum." Villarreal v. Chrysler Corp., No. C-95-4414 FMS, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996).

Plaintiff provides scant authority to suggest a bright-line rule requiring full consideration of a motion to remand prior to transfer to the multidistrict litigation court. As one district court has had occasion to explain in a nearly identical procedural situation, "[w]hat Steel Co. forbids is a court's assuming law-declaring power by deciding the merits of a case in the absence of verified subject matter jurisdiction. Scott C. Idleman, *The*

1  *Demise of Hypothetical Jurisdiction in the Federal Courts*, 52 Vand.
2  L.Rev. 235, 333 & n. 409 (1999) (quoting In Re Minister Papandreou,
3  139 F.3d 247, 255 (D.C.Cir. 1998)).  However, granting a stay is
4  not adjudicating the merits of a case. Neither [Ex parte] McCardle
5  nor Steel Co. requires resolving jurisdictional matters before
6  considering whether to grant a stay motion." Meyers v. Bayer AG,
7  143 F.Supp.2d 1044, 1047 (E.D. Wisc. 2001). The power to stay
8  proceedings is soundly within the court's discretion and is
9  incidental to the "power inherent in every court to manage the
10 schedule of cases on its docket to ensure fair and efficient
11 adjudication." Landis v. North American Co., 299 U.S. 248, 254-55
12 (1936).  In considering a motion to stay, the district court
13 considers three factors: (1) potential prejudice to the non-moving
14 party; (2) hardship and inequity to the moving party if the action
15 is not stayed; and (3) the judicial resources that would be saved
16 by avoiding duplicative litigation if the cases are in fact
17 consolidated." Rivers v. Walt Disney Co., 980 F.Supp. 1360 (C.D.
18 Cal. 1997).  As even the Villareal case cited by plaintiff
19 acknowledges, the decision whether to address the remand issue
20 prior to transfer by the JPML is analyzed according to these
21 factors, "judicial economy" among them.
22      The balance of the hardships here is roughly equal; plaintiff
23 would very much like to avoid having to litigate its case in a
24 multidistrict litigation setting in New York and would like to
25 return to state court, while defendants would like to avoid
26 inconsistent rulings on MTBE liability across the country.  While

judicial economy will normally favor deciding a remand motion prior to a stay pending transfer, such is not the case here. The proceedings in Judge Scheindlin's courtroom and the resulting order of March 16, 2004, demonstrate that the jurisdictional issues involved are quite complex, are likely to be common to the MBTE cases filed across the country, and are ultimately likely to be resolved in favor of a finding of federal jurisdiction.

Indeed, Judge Selna in the Central District of California recently reached the same conclusion in two MTBE cases pending in that court in which motions to remand and stay pending transfer had been filed. See <u>Orange County Water District v. Unocal Corp.</u>, CV-03-01742 (C.D. Cal. Feb. 23, 2004). Judge Selna's thoughtful opinion granting the motion to stay discussed at length the question of the appropriate procedure when a court is faced with competing motions to stay and remand. Judge Selna adopted the three-part procedure set forth in <u>Meyers v. Bayer AG</u>, 143 F.Supp.2d 1044, 1047-48 (E.D. Wis. 2001):

> [A] court should first give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.
>
> If, on the other hand, the jurisdictional issue appears factually or legally difficult, the court's second step should be to determine whether identical or similar jurisdictional issues have been raised in any other cases that have been or may be transferred to the MDL proceeding.
>
> Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the

7

1   motion to stay.
2  Meyers, 143 F.Supp.2d at 1049.
3       Applying this approach, Judge Selna concluded that
4  jurisdictional issues were both legally and factually complex. See
5  Orange County Water District at 4 (quoting Judge Scheindlin's
6  comments at a hearing on the motions for remand in the MDL case,
7  describing the remand issues as "tricky stuff;" "I'm worried about
8  the opportunity for appellate review of these very tricky issues,
9  such as the one we've just had 50 minutes of argument on and we
10 probably barely scratched the surface.").
11      Many of the issues discussed in Judge Scheindlin's March 16
12 order are clearly applicable here and consideration of the
13 jurisdictional issues in a single court will result in national
14 uniformity on the question.  Judge Scheindlin's order concludes
15 that the defendants in the MDL action (the same defendants here)
16 have sufficiently alleged that (1) they added MTBE to gasoline at
17 the direction of the EPA, a federal agency; (2) they have a
18 colorable federal defense of preemption; and (3) there is a causal
19 connection between plaintiffs' claims and the acts defendants
20 undertook at the direction of the EPA.  These allegations, the
21 court concluded, support removal pursuant to 28 U.S.C.
22 § 1442(a)(1), and plaintiff offers no convincing rationale why the
23 same concerns would not apply to this case.
24      3.  **Binding Effect of Scheindlin Order**
25      Third, plaintiff argues that Judge Scheindlin's December 23
26 order has no binding effect on this court and does not affect

8

cases, like this one, involving parties not represented at the hearing in New York preceding the order. The court's January 28 order and the decision issued today are not at all premised on an erroneous understanding of Judge Scheindlin's order as binding authority. Nevertheless, this court gives appropriate deference to the request of the MDL court to stay proceedings, as that court has expended a larger share of judicial resources considering the very jurisdictional issues involved in the instant action.

### 4. Denial of Motion to Remand

Finally, plaintiff urges that this court rescind that portion of its January 28 order denying plaintiff's remand motion, as the motion was never considered on its merits. The request is well-taken. Should the transfer order be subsequently vacated by the JPML, plaintiff shall be given the opportunity to litigate in this forum the jurisdictional issues presented in the motion for remand.

Accordingly, plaintiff's motion for reconsideration is GRANTED IN PART and DENIED IN PART. This action shall remain STAYED pending a final order by the Judicial Panel on Multidistrict Litigation regarding transfer and consolidation. That portion of the court's January 28, 2004, order denying plaintiff's motion to remand is hereby VACATED.

IT IS SO ORDERED

DATED: March 24, 2004.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

seal

United States District Court
for the
Eastern District of California
March 25, 2004

\* \* CERTIFICATE OF SERVICE \* \*

2:03-cv-02582

Quincy Community Svc

   v.

Atlantic Richfield

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on  March 25, 2004, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

      Victor M Sher                     AR/LKK
      Sher and Leff
      450 Mission Street
      Suite 500
      San Francisco, CA   94105

      Paul Scott Summy
      PRO HAC VICE
      Baron and Budd PC
      3102 Oak Lawn Avenue
      Suite 1100
      Dallas, TX   75219-4281

      Matthew T Heartney
      Arnold and Porter LLP
      777 South Figueroa Street
      44th Floor
      Los Angeles, CA   90017-2513

      David L Schrader
      Morgan Lewis and Bockius LLP
      300 South Grand Avenue
      22nd Floor
      Los Angeles, CA   90017-3132

Jeffrey John Parker
Sheppard Mullin Richter and Hampton
333 South Hope Street
48th Floor
Los Angeles, CA  90071

William David Temko
Munger Tolles and Olson
355 South Grand Avenue
35th Floor
Los Angeles, CA  90071-1560

Colleen P Doyle
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, CA  90071-1560

Vineet N Bhatia
PRO HAC VICE
Susman Godfrey LLP
1000 Louisiana Street
Suite 5100
Houston, TX  77002-5096

H Lee Godfrey
PRO HAC VICE
Susman Godfrey LLP
1000 Louisiana Street
Suite 5100
Houston, TX  77002-5096

Alan J Hoffman
PRO HAC VICE
Blank Rome
One Logan Square
18th and Cherry Street
Philadelphia, PA  19103-6998

M Taylor Florence
Bullivant Houser Bailey Pendergrass and Hoffman
11335 Gold Express Drive
Suite 105
Gold River, CA  95670-4491

Edward Romero
Greenan Peffer Sallander and Lally LLP
PO Box 10
Two Annabel Lane
Suite 200
San Ramon, CA  94583-0010

Jack L. Wagner, Clerk

by: Deputy Clerk